**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00371-CR**
_____

**RODNEY SHAWN THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 21-36834**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Rodney Shawn Thomas ("Appellant" or "Thomas") for unlawful possession of a firearm by a felon, a third-degree felony. *See* Tex. Penal Code Ann. § 46.04. Thomas pleaded "guilty" pursuant to a plea bargain agreement, and the trial court found Thomas guilty, deferred adjudication of guilt, placed Thomas on community supervision for ten years, and assessed a $1000 fine.

The State filed a motion to revoke and alleged that Thomas had violated two terms of his community supervision. At a hearing on the motion, Thomas pleaded "not true" to the allegations. After hearing evidence, the trial court found the evidence sufficient to find the allegations true, revoked Thomas's community supervision, found Thomas guilty of the offense of third-degree felony possession of a firearm by a felon, and sentenced Thomas to seven years in prison. Thomas appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Thomas to file a pro se brief, and we received no response from Thomas.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error

2

but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.") Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 12, 2023
Opinion Delivered July 26, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[1] Thomas may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.